IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. ___2:19-cv-00417___ |
| | ) | |
| v. | ) | |
| | ) | |
| MOUNTAINEER MANUFACTURING, INC., | ) | |
| 857 Midland Trail | ) | |
| Smithers, West Virginia, 25186, | ) | |
| | ) | |
| MINING MOTORS, INC., | ) | |
| 1021 Fayette Pike | ) | |
| Montgomery, West Virginia, 25136, | ) | |
| | ) | |
| TANYA MIDDLETON, a/k/a | ) | |
| TANYA BRYANT, | ) | |
| 171 Carmen Dr. Adena | ) | |
| Mount Carbon, West Virginia, 25139, | ) | |
| | ) | |
| RTM PROPERTIES, LLC | ) | **COMPLAINT FOR FEDERAL** |
| 15096 Maccorkle Ave | ) | **TAXES AND FORECLOSURE OF** |
| Cabin Creek, West Virginia, 25035, | ) | **TAX LIENS** |
| | ) | |
| WVTC LLC | ) | |
| 18102 Seneca Trail | ) | |
| Marlington, West Virginia, 24954, | ) | |
| | ) | |
| WORKFORCE WEST VIRGINIA, | ) | |
| 112 California Avenue | ) | |
| Charleston, West Virginia, 25305, | ) | |
| | ) | |
| WEST VIRGINIA STATE TAX | ) | |
| DEPARTMENT, | ) | |
| Compliance Division, AMU | ) | |
| 1001 Lee St. E., | ) | |
| Charleston, West Virginia 25301, | ) | |
| | ) | |
| CECIL WALKER MACHINERY CO. | ) | |
| 112 Carbide Dr., | ) | |
| Belle, West Virginia 25015, and | ) | |
| | ) | |

17635473.1

AIRGAS USA, LLC                              )
259 North Radnor-Chester Road, Suite 100    )
Radnor, Pennsylvania 19087,                  )
                                             )
          Defendants.                        )
_____ )

### COMPLAINT FOR FEDERAL TAXES AND FORECLOSURE OF TAX LIENS

Plaintiff, the United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to collect the unpaid federal tax liabilities of Mountaineer Manufacturing., Inc., and to enforce the corresponding federal tax liens that encumber certain real property located in Fayette County, West Virginia.

### JURISDICTION AND VENUE

1.      Jurisdiction over this action is conferred upon this Court pursuant to 26 U.S.C. §§ 7402 and 7403, and 28 U.S.C. §§ 1340 and 1345.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1396.

### PARTIES

3.      Plaintiff is the United States of America.

4.      Defendant Mountaineer Manufacturing, Inc. ("Mountaineer") is a corporation with its principal offices in Smithers, West Virginia, within the jurisdiction of this Court.

5.      Defendant Mining Motors, Inc. is named as a defendant under 26 U.S.C. § 7403(b) because it has or may claim an interest in certain real property at issue in this case.

6.      Defendant Tanya Middleton, also known as Tanya Bryant, is named as a defendant under 26 U.S.C. § 7403(b) because she has or may claim an interest in certain real property at issue in this case.

2

7.     Defendant RTM Properties, LLC is named as a defendant under 26 U.S.C. § 7403(b) because it has or may claim an interest in certain real property at issue in this case.

8.     Defendant WVTC LLC is named as a defendant under 26 U.S.C. § 7403(b) because it has or may claim an interest in certain real property at issue in this case.

9.     Defendant Workforce West Virginia is named as a defendant under 26 U.S.C. § 7403(b) because it has or may claim an interest in certain real property at issue in this case.

10.     Defendant West Virginia State Tax Department is named as a defendant under 26 U.S.C. § 7403(b) because it has or may claim an interest in certain real property at issue in this case.

11.     Defendant Cecil Walker Machinery Co. is named as a defendant under 26 U.S.C. § 7403(b) because it has or may claim an interest in certain real property at issue in this case.

12.     Defendant Airgas USA, LLC is named as a defendant under 26 U.S.C. § 7403(b) because it has or may claim an interest in certain real property at issue in this case.

## REAL PROPERTY AT ISSUE

13.     The real property upon which the United States seeks to foreclose consists of the following real property located in Fayette County, West Virginia:

a.     *The Mining Motors properties.*  The properties owned by Mountaineer and purchased by Mining Motors, Inc. on or about July 11, 2018, and more particularly described in the deed attached hereto as Exhibit 1.  These properties include Lot Nos. 15–18, and 23–27 of Section H of the Oakland Subdivision of the Town of Smithers, as well as Lot No. 61 of the W.R. Johnson Coal Company Subdivision of the Town of Smithers.

b.     *The Middleton properties*.  The properties owned by Mountaineer and known as: (i) Lot Nos. 57C and 57D of the W.R. Johnson Coal Company Subdivision of

17635473.1

the Town of Smithers, and more particularly described as "Tract One" in the deed attached hereto as Exhibit 2A; and (ii) "Lots 24/N S Kana Riv 16 to 21 Blk G," as described as "Tract 4" in the deed attached hereto as Exhibit 2B. The properties are also identified by parcel numbers 11-7-46, -180, and -187. They are currently titled in the name of Tanya Middleton.

  *c.* *Oakland Front Half Lot No. 8.* The property owned by Mountaineer and described as the front half of Lot No. 8 of Section B of the Oakland Subdivision of the Town of Smithers. The property is also identified by parcel number 11-7-106, and is more particularly described in the deed attached hereto as Exhibit 3. It is currently titled in the name of RTM Properties, LLC.

  *d.* *Johnson Lot Nos. 62–64.* The properties are described as Lot Nos. 62–64 of the W.R. Johnson Coal Company Subdivision of the Town of Smithers. The properties are also identified by parcel numbers 11-7-199, -200, and -201, and are more particularly described in the deed attached hereto as Exhibit 4. The current record owner is Mountaineer.

**BACKGROUND**

**Tax assessments**

  14. A delegate of the Secretary of the Treasury made assessments against Mountaineer for (a) federal employment taxes (Form 941); and (b) the civil penalty for failing to file correct information returns under 26 U.S.C. § 6721, on the following dates, for the taxable periods, and in the amounts set forth below:

| Tax Type | Tax Period Ending | Assessment Date | Assessment Amount | Unpaid Balance (as of 5/27/19) |
|---|---|---|---|---|
| WT-FICA (Form 941) | 12/31/2008 | 04/06/2009 | $45,451.98 | $37,725.79 |
| WT-FICA (Form 941) | 03/31/2009 | 06/29/2009 | $39,843.66 | $2,432.04 |

4

| Tax Type | Tax Period Ending | Assessment Date | Assessment Amount | Unpaid Balance (as of 5/27/19) |
|---|---|---|---|---|
| WT-FICA (Form 941) | 06/30/2009 | 09/28/2009 | $35,939.60 | $40,456.38 |
| WT-FICA (Form 941) | 09/30/2009 | 12/28/2009 | $33,730.62 | $58,368.71 |
| WT-FICA (Form 941) | 12/31/2011 | 04/02/2012 | $45,559.83 | $6,784.54 |
| Civil Penalty § 6721 | 12/31/2009 | 03/03/2014 | $1,200 | $1,497.97 |
| | | | **Total** | **$147,265.43** |

15.     Mountaineer was given notice and demand for payment of the assessments set forth in paragraph 14, above.

16.     Penalties and interest have accrued on the unpaid balance of the assessments set forth in paragraph 14, and will continue to accrue until paid in full.

17.     Despite notice and demand for payment, Mountaineer has failed to fully pay the liabilities set forth in paragraph 14.

18.     After the application of all abatements, payments, and credits, and the addition of penalties and interest, Mountaineer remains indebted to the United States of America for the liabilities described in paragraph 14 in the total amount of $147,265.43 as of May 27, 2019, plus statutory additions to tax and interest accruing thereon after that date until paid in full.

**Federal tax liens**

19.     Under 26 U.S.C. §§ 6321 and 6322, federal tax liens arose in favor of the United States on the dates of the assessments set forth in paragraph 14, and attached to all property and rights to property owned or thereafter acquired by Mountaineer, including the parcels of land located in Fayette County, West Virginia described in paragraph 13.

20.     Notices of federal tax lien were filed against Mountaineer with respect to the assessments set forth in paragraph 14 with the Clerk of the County Commission, of Fayette County on the following dates as set forth below:

| Filing Date | Tax Type | Tax Period Ending | Comments |
|---|---|---|---|
| 05/19/2009 | WT-FICA (Form 941) | 12/31/2008 | The notice for 12/31/2008 was refiled on 05/23/2018. |
| 10/22/2009 | WT-FICA (Form 941) | 03/31/2009 | The notice for 03/31/2009 was refiled on 08/10/2018. |
| 10/22/2009 | WT-FICA (Form 941) | 06/31/2009 | The notice for 06/31/2009 was refiled on 12/14/2018. |
| 01/19/2010 | WT-FICA (Form 941) | 09/30/2009 | The notice for 09/30/2009 was refiled on 03/29/2019. |
| 12/22/2014 | Civil Penalty § 6721 | 12/31/2009 | |
| 03/30/2015 | WT-FICA (Form 941) | 12/31/2011 | |
| 05/23/2018 | WT-FICA (Form 941) | 12/31/2008 | Notice refiled pursuant to 26 U.S.C. § 6323(g). |
| 08/10/2018 | WT-FICA (Form 941) | 03/31/2009 | Notice refiled pursuant to 26 U.S.C. § 6323(g). |
| 12/14/2018 | WT-FICA (Form 941) | 06/31/2009 | Notice refiled pursuant to 26 U.S.C. § 6323(g). |
| 03/29/2019 | WT-FICA (Form 941) | 09/30/2009 | Notice refiled pursuant to 26 U.S.C. § 6323(g). |

## COUNT I: REDUCE ASSESSMENTS TO JUDGMENT

21.    The United States incorporates by reference the allegations set forth in paragraphs 1 through 20 above.

22.    Mountaineer is indebted to the United States for the liabilities described in paragraph 14 in the total amount of $147,265.43 as of May 27, 2019, plus statutory additions to tax and interest accruing thereon after that date until paid in full.

WHEREFORE, the United States prays that the Court:

A.    Render a judgment in favor of the United States and against Defendant Mountaineer for the liabilities set forth in paragraph 14, in the total amount of $147,265.43 as of May 27, 2019, plus statutory additions to tax and interest accruing thereon after that date according to law until paid in full.

6

B.      Award to the United States its costs of prosecuting this action;

C.      Grant such other and further relief as the Court deems just and proper.

### COUNT II: FORECLOSE TAX LIENS ON THE MINING
### MOTORS PROPERTIES

23.     The United States incorporates by reference the allegations set forth in paragraphs 1 through 22 above.

24.     By deed dated November 28, 1986, Mountaineer acquired the real property described therein as "Parcel 1," "Parcel 2," "Parcel 4," and "Parcel 5."  A true and correct copy of the deed is attached hereto as Exhibit 5.

25.     By deed dated November 21, 1988, Mountaineer acquired real property described therein as "Tract Two."  A true and correct copy of the deed is attached hereto as Exhibit 2A.

26.     By reason of the assessments described in paragraph 14 (regarding federal employment taxes (Form 941) and the civil penalty for failing to file correct information returns under 26 U.S.C. § 6721), federal tax liens arose in favor of the United States on the dates of the assessments under 26 U.S.C. §§ 6321 and 6322 and attached to all property and rights to property of Defendant Mountaineer, including its interest in properties described in paragraphs 24 and 25 (the Mining Motors Properties).

27.     Prior to the 2016 county tax lien sales at issue in this case, notices of federal tax lien were filed against Mountaineer with respect to the assessments set forth in paragraph 14 with the Clerk of the County Commission, of Fayette County, as described in paragraph 20.

28.     WVTC LLC purchased county tax liens on the properties described in paragraphs 24 and 25 (the Mining Motors Properties) at a Fayette County Sheriff's Sale on or about November 10, 2016.

17635473.1

29.     The Internal Revenue Service did not receive proper and timely notice pursuant to 26 U.S.C. § 7425 and Treas. Reg. § 301.7425-3(a) of the sale.  The sale did not discharge the federal tax liens that encumbered Mountaineer's interest in the Mining Motors Properties.

30.     The sale therefore was made subject to the federal tax liens with respect to the federal tax liabilities of Mountaineer set forth in paragraph 14, and the United States continues to hold valid and subsisting tax liens with respect to the Mining Motors Properties.

31.     By letter dated December 22, 2017, the IRS informed WVTC LLC of the foregoing facts, and the intent to exercise the rights to foreclose the federal tax liens.

32.     WVTC LLC was granted title to the Mining Motors Properties by deed dated on or about April 1, 2018 because the county tax liens it had purchased had not been redeemed.

33.     Mining Motors, Inc. purchased the properties described in paragraphs 24 and 25 above (the Mining Motors Properties) from WVTC LLC on or about July 11, 2018.  A true and correct copy of the deed is attached hereto as Exhibit 1.

34.     The sale described above was made subject to the federal tax liens with respect to the federal tax liabilities of Mountaineer set forth in paragraph 14, and the United States continues to hold valid and subsisting tax liens with respect to the Mining Motors Properties.

35.     As the holder of valid and subsisting federal tax liens that encumber the Mining Motors Properties, the United States is entitled to have its tax liens foreclosed and the Mining Motors Properties sold.  The proceeds of such sale should be distributed: to pay the costs of sale; to the United States to partially satisfy the unpaid federal tax liabilities of Mountaineer; and to other parties consistent with the relative priorities of their claims.

WHEREFORE, the United States prays that the Court:

17635473.1

D.     Determine and adjudge that, notwithstanding the purchase of county tax liens as described in paragraph 28 above, and the subsequent transfer of the Mining Motors Properties to Mining Motors, Inc., the United States holds valid and subsisting tax liens by virtue of the assessments described in paragraph 14, above, on all property and rights to property owned or acquired by Mountaineer after the date of assessments, including its prior interest in the Mining Motors Properties;

E.     Render a judgment that federal tax liens encumbering the Mining Motors Properties be foreclosed, and the properties be sold according to law, free and clear of any right, title, lien, claim or interest of any of the parties herein, including Mining Motors, Inc., who currently holds title to the properties, and that the proceeds of the sale be distributed in accordance with the rights of the parties to be determined herein, with the amounts attributed to the interest of Mountaineer to be paid to the United States and applied against the tax liabilities and penalties described in paragraph 14, above;

F.     Order that any of the named Defendants who do not appear in this matter forfeit any rights they may have to the Mining Motors Properties, and any claim they may have to proceeds from the sale of these properties;

G.     Award to the United States its costs of prosecuting this action; and

H.     Grant such other and further relief as the Court deems just and proper.

17635473.1

## COUNT III: FORECLOSE TAX LIENS ON THE
## MIDDLETON PROPERTIES

36.     The United States incorporates by reference the allegations set forth in paragraphs

1 through 35 above.

37.     By deed dated November 28, 1986, Mountaineer acquired title to the real property

described therein as "Parcel 3."  A true and correct copy of the deed is attached hereto as Exhibit

5.

38.     By deed dated November 21, 1988, Mountaineer also acquired title to the real

properties described therein as "Tract One," also known as Lot Nos. 57C and 57D of the W.R.

Johnson Coal Company Subdivision of the Town of Smithers.  A true and correct copy of the

deed is attached hereto as Exhibit 2A.

39.     By reason of the assessments described in paragraph 14 (regarding federal

employment taxes (Form 941) and the civil penalty for failing to file correct information returns

under 26 U.S.C. § 6721), federal tax liens arose in favor of the United States on the dates of the

assessments under 26 U.S.C. §§ 6321 and 6322 and attached to all property and rights to

property of Defendant Mountaineer, including its interest in properties described in paragraphs

37 and 38 (the Middleton Properties).

40.     Prior to the 2016 county tax lien sales at issue in this case, notices of federal tax

lien were filed against Mountaineer with respect to the assessments set forth in paragraph 14

with the Clerk of the County Commission, of Fayette County, as described in paragraph 20.

41.     WVTC LLC purchased county tax liens on the properties described in paragraphs

37 and 38 (the Middleton Properties) at a Fayette County Sheriff's Sale on or about November

10, 2016.

10

17635473.1

42.     The Internal Revenue Service did not receive proper and timely notice pursuant to 26 U.S.C. § 7425 and Treas. Reg. § 301.7425-3(a) of the sale.  The sale did not discharge the federal tax liens that encumbered Mountaineer's interest in the Middleton Properties.

43.     The sale therefore was made subject to the federal tax liens with respect to the federal tax liabilities of Mountaineer set forth in paragraph 14, and the United States continues to hold valid and subsisting tax liens with respect to the Middleton Properties.

44.     By letter dated December 22, 2017, the IRS informed WVTC LLC of the foregoing facts, and the intent to exercise the rights to foreclose the federal tax liens.

45.     WVTC LLC was granted title to the Middleton Properties by deed dated on or about April 1, 2018 because the county tax liens it had purchased had not been redeemed.

46.     Tanya Middleton purchased the properties described in paragraphs 37 and 38 above (the Middleton Properties) from WVTC LLC on or about February 21, 2019.  A true and correct copy of the deed is attached hereto as Exhibit 2B.

47.     The sale described above was made subject to the federal tax liens with respect to the federal tax liabilities of Mountaineer set forth in paragraph 14, and the United States continues to hold valid and subsisting tax liens with respect to the Middleton Properties.

48.     As the holder of valid and subsisting federal tax liens that encumber the Middleton Properties, the United States is entitled to have its tax liens foreclosed and the Middleton Properties sold.  The proceeds of such sale should be distributed: to pay the costs of sale; to the United States to partially satisfy the unpaid federal tax liabilities of Mountaineer; and to other parties consistent with the relative priorities of their claims.

WHEREFORE, the United States prays that the Court:

11

17635473.1

I.      Determine and adjudge that, notwithstanding the purchase of county tax liens as described in paragraph 41 above, and the subsequent transfer of the Middleton Properties to Tanya Middleton, the United States holds valid and subsisting tax liens by virtue of the assessments described in paragraph 14, above, on all property and rights to property owned or acquired by Mountaineer after the date of assessments, including its prior interest in the Middleton Properties;

J.      Render a judgment that federal tax liens encumbering the Middleton Properties be foreclosed, and the properties be sold according to law, free and clear of any right, title, lien, claim or interest of any of the parties herein, including Tanya Middleton, who currently holds title to the properties, and that the proceeds of the sale be distributed in accordance with the rights of the parties to be determined herein, with the amounts attributed to the interest of Mountaineer to be paid to the United States and applied against the tax liabilities and penalties described in paragraph 14, above;

K.      Order that any of the named Defendants who do not appear in this matter forfeit any rights they may have to the Middleton Properties, and any claim they may have to proceeds from the sale of these properties;

L.      Award to the United States its costs of prosecuting this action; and

M.      Grant such other and further relief as the Court deems just and proper.

17635473.1

## COUNT IV: FORECLOSE TAX LIENS ON OAKLAND
## FRONT HALF LOT NO. 8

49.     The United States incorporates by reference the allegations set forth in paragraphs 1 through 48 above.

50.     By deed dated April 3, 2012, Mountaineer acquired title to the real property also known as the front half of Lot No. 8 of Section B of the Oakland Subdivision of the Town of Smithers.  The property is more particularly described in the deed attached hereto as Exhibit 3

51.     By reason of the assessments described in paragraph 14 (regarding federal employment taxes (Form 941) and the civil penalty for failing to file correct information returns under 26 U.S.C. § 6721), federal tax liens arose in favor of the United States on the dates of the assessments under 26 U.S.C. §§ 6321 and 6322 and attached to all property and rights to property of Defendant Mountaineer, including its interest in the property described in paragraph 50 (Oakland Front Half Lot No. 8).

52.     Prior to the 2016 county tax lien sales at issue in this case, notices of federal tax lien were filed against Mountaineer with respect to the assessments set forth in paragraph 14 with the Clerk of the County Commission, of Fayette County, as described in paragraph 20.

53.     WVTC LLC purchased county tax liens on the property described in paragraph 50 (Oakland Front Half Lot No. 8) at a Fayette County Sheriff's Sale on or about November 10, 2016.

54.     The Internal Revenue Service did not receive proper and timely notice pursuant to 26 U.S.C. § 7425 and Treas. Reg. § 301.7425-3(a) of the sale.  The sale did not discharge the federal tax liens that encumbered Mountaineer's interest in Oakland Front Half Lot No. 8.

17635473.1

55.     The sale therefore was made subject to the federal tax liens with respect to the federal tax liabilities of Mountaineer set forth in paragraph 14, and the United States continues to hold valid and subsisting tax liens with respect to Oakland Front Half Lot No. 8.

56.     By letter dated December 22, 2017, the IRS informed WVTC LLC of the foregoing facts, and the intent to exercise the rights to foreclose the federal tax liens.

57.     WVTC LLC was granted title to Oakland Front Half Lot No. 8 by deed dated on or about April 1, 2018 because the county tax liens it had purchased had not been redeemed.

58.     RTM Properties Inc. purchased the property described in paragraph 50 (Oakland Front Half Lot No. 8) from WVTC LLC on or about November 16, 2018.  A true and correct copy of the deed is attached hereto as Exhibit 6.

59.     The sale described above was made subject to the federal tax liens with respect to the federal tax liabilities of Mountaineer set forth in paragraph 14, and the United States continues to hold valid and subsisting tax liens with respect to Oakland Front Half Lot No. 8.

60.     As the holder of valid and subsisting federal tax liens that encumber Oakland Front Half Lot No. 8, the United States is entitled to have its tax liens foreclosed and Oakland Front Half Lot No. 8 sold.  The proceeds of such sale should be distributed: to pay the costs of sale; to the United States to partially satisfy the unpaid federal tax liabilities of Mountaineer; and to other parties consistent with the relative priorities of their claims.

WHEREFORE, the United States prays that the Court:

N.     Determine and adjudge that, notwithstanding the purchase of county tax liens as described in paragraph 53 above, and the subsequent transfer of Oakland Front Half Lot No. 8 to RTM Properties LLC, the United States holds valid and subsisting tax liens by virtue of the assessments described in paragraph 14, above, on all property and rights to property owned or

14

17635473.1

acquired by Mountaineer after the date of assessments, including its prior interest in Oakland

Front Half Lot No. 8;

     O.     Render a judgment that federal tax liens encumbering Oakland Front Half Lot No.

8 be foreclosed, and the property be sold according to law, free and clear of any right, title, lien,

claim or interest of any of the parties herein, including RTM Properties LLC, who currently

holds title to the property, and that the proceeds of the sale be distributed in accordance with the

rights of the parties to be determined herein, with the amounts attributed to the interest of

Mountaineer to be paid to the United States and applied against the tax liabilities and penalties

described in paragraph 14, above;

     P.     Order that any of the named Defendants who do not appear in this matter forfeit

any rights they may have to Oakland Front Half Lot No. 8, and any claim they may have to

proceeds from the sale of this property;

     Q.     Award to the United States its costs of prosecuting this action; and

     R.     Grant such other and further relief as the Court deems just and proper.

**COUNT V: FORECLOSE TAX LIENS ON JOHNSON LOT
NOS. 62–64**

     61.     The United States incorporates by reference the allegations set forth in paragraphs

1 through 60 above.

     62.     By deed dated May 27, 1996, Mountaineer acquired title to the real properties

also known as Lot Nos. 62–64 of the W.R. Johnson Coal Company Subdivision of the Town of

Smithers.  The properties are more particularly described in the deed attached hereto as Exhibit

4.

     63.     By reason of the assessments described in paragraph 14 (regarding federal

employment taxes (Form 941) and the civil penalty for failing to file correct information returns

15

17635473.1

under 26 U.S.C. § 6721), federal tax liens arose in favor of the United States on the dates of the assessments under 26 U.S.C. §§ 6321 and 6322 and attached to all property and rights to property of Defendant Mountaineer, including its interest in the properties described in paragraph 62 (Johnson Lot Nos. 62–64).

63.    Notices of federal tax lien were filed against Mountaineer with respect to the assessments set forth in paragraph 14 with the Clerk of the County Commission, of Fayette County, as described in paragraph 20.

65.    The Fayette County Sheriff attempted to sell county tax liens on Johnson Lot Nos. 62–64, but was unsuccessful.

66.    The United States continues to hold valid and subsisting tax liens with respect to Johnson Lot Nos. 62–64.

67.    As the holder of valid and subsisting federal tax liens that encumber Johnson Lot Nos. 62–64, the United States is entitled to have its tax liens foreclosed and Johnson Lot Nos. 62–64.  The proceeds of such sale should be distributed: to pay the costs of sale; to the United States to partially satisfy the unpaid federal tax liabilities of Mountaineer; and to other parties consistent with the relative priorities of their claims.

WHEREFORE, the United States prays that the Court:

S.    Determine and adjudge that the United States holds valid and subsisting tax liens by virtue of the assessments described in paragraph 14, above, on all property and rights to property owned or acquired by Mountaineer after the date of assessments, including its interest in Johnson Lot Nos. 62–64;

T.    Render a judgment that federal tax liens encumbering Johnson Lot Nos. 62–64 be foreclosed, and the properties be sold according to law, free and clear of any right, title, lien,

17635473.1

claim or interest of any of the parties herein, including Mountaineer, who currently holds title to the properties, and that the proceeds of the sale be distributed in accordance with the rights of the parties to be determined herein, with the amounts attributed to the interest of Mountaineer to be paid to the United States and applied against the tax liabilities and penalties described in paragraph 14, above;

      U.     Order that any of the named Defendants who do not appear in this matter forfeit any rights they may have to Johnson Lot Nos. 62–64, and any claim they may have to proceeds from the sale of these properties;

      V.     Award to the United States its costs of prosecuting this action; and

      W.     Grant such other and further relief as the Court deems just and proper.

Date: May 29, 2019

                    RICHARD E. ZUCKERMAN
                    Principal Deputy Assistant Attorney General
                    U.S. Department of Justice, Tax Division

                    */s/ Stephen S. Ho*
                    STEPHEN S. HO (NY 5173083)
                    Trial Attorney, Tax Division
                    U.S. Department of Justice
                    P.O. Box 227
                    Washington, D.C. 20044
                    Tel.: (202) 616-8994
                    Fax: (202) 514-6866
                    Stephen.S.Ho@usdoj.gov

17

17635473.1

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) ) ) ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) ) ) | |
| _____ | ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| _____<br>*Plaintiff(s)*<br><br>v.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)    Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|   |   |   |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                   _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| ) | |
| _____ | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| ) | |
| _____ ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| )<br>)<br>)<br>)<br>*Plaintiff(s)*  )<br>v.  )<br>)<br>)<br>)<br>)<br>*Defendant(s)*  ) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

TO: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
                                                                                        .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                    *Server's signature*

                                           _____
                                                    *Printed name and title*

                                           _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

## DEFENDANTS

Mountaineer Manufacturing, Inc.; Mining Motors, Inc.; Tanya Middleton; RTM Properties, LLC; WVTC LLC; Workforce West Virginia; West Virginia State Tax Department; Cecil Walker Machinery Co.; and Airgas USA, LLC

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Fayette
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen S. Ho
U.S. Department of Justice, Tax Division ph. 202-616-8994
P.O. Box 227, Ben Franklin Station, Washington, DC 20044

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☒ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. §§ 7402, 7403
Brief description of cause:
Suit to reduce assessments to judgment and to foreclose

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   147,265.43

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE   05/29/2019

SIGNATURE OF ATTORNEY OF RECORD   /s/ Stephen S. Ho

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____